# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# No. 1:10-CV-00183-R

IN RE: Stetler Cross Ministries, Inc.,                                                     Debtor

Stetler Cross Ministries, Inc.,                                                           Appellant

v.

Daniel M. McDermott,
*Trustee*                                                                                                     Appellee

## **MEMORANDUM OPINION**

Appellant has filed a motion to alter judgment (DN 16). Appellee has filed a response (DN 17). Appellant failed to file a reply. For the reasons that follow, the motion to alter judgment is DENIED.

**I**

In Appellee's response, Appellee pointed out that Appellant had filed the motion to alter judgment one day late. Appellant failed to file a motion for an extension of time. Fed. R. Bankr. P. 9006(b)(1). Appellant also failed to file a reply demonstrating good cause or excusable neglect for the late filing. *Id.* Accordingly, this Court is precluded from ruling on the merits of the motion to alter judgment. *Id.*; *accord Owens v. Murray, Inc.*, No. 3:06-0426, 2007 WL 2156348 (M.D.Tenn. July 24, 2007). The motion is therefore DENIED as UNTIMELY.

**II**

In the alternative, this Court will consider the merits of Appellant's motion. Appellant takes issues with a number of points in this Court's original memorandum opinion.

First, Appellant has provided new evidence to demonstrate that the oral agreement and

retainer were pre-petition. This evidence was not a part of the appellate record. While Rule 10(e) of the Federal Rules of Appellate Procedure allows for amendment of the record, the purpose of amendment is "to ensure that the appellate record accurately reflects the record before the [originating court,] *not* to provide this Court with new evidence not before the [originating court,] even if the new evidence is substantial." *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003). Accordingly, this Court is under no obligation to consider the new evidence. However, even if the evidence were to be considered, it would not change the outcome. Evidence that the payment was, in fact, pre-petition does nothing to undermine the other ground for disgorgement, namely that the contract is best interpreted as a security retainer regardless of when payment was made.

Appellant next argues that this Court was incorrect in interpreting the contract as a security retainer. However, Appellant does not seem to take issue with the Court's analysis - rather, Appellant only takes issue with the result. Appellant concedes that one must look to the 'spirit' and 'purpose' of the agreement when deciding if a retainer is intended as a classic or a security retainer. Appellant, of course, argues that the 'spirit' and 'purpose' of the agreement were for a classic retainer. However, as this Court said in its original order, such an analysis requires that the current retainer be viewed as a security retainer because (1) the language of the agreement itself is ambiguous; (2) Kentucky law favors a written agreement when entering into a classic retainer; and (3) there is no evidence that an attempt to collect the hourly rate was ever made by Appellant, forcing this Court to conclude that Appellant must have been billing his work against the retainer. Appellant has taken issue with each of these conclusions, but nothing Appellant cites requires a different outcome.

2

Finally, Appellant takes issue with whether complete disgorgement is the appropriate remedy for any violation that may have occurred. As he did during briefing of the original motion, Appellant has cited a mountain of authority demonstrating that complete disgorgement is not required when an attorney negligently violates the bankruptcy rules.[1] However, as before, Appellant has failed to demonstrate that it was an *abuse of discretion* for the Bankruptcy Judge to order complete disgorgement. As discussed in the original opinion, that is the standard to which this Court is bound, and Appellant has failed to raise any issue that approaches the abuse of discretion standard. This Court does not have the familiarity with the case that the Bankruptcy Judge has, and that law makes it clear that it is not this Court's place to conduct a *de novo* review in the instant situation. Because Appellant has not shown that the Bankruptcy Judge abused her discretion when ordering complete disgorgement, the motion to alter judgement must be denied on this ground as well.

## CONCLUSION

For the foregoing reasons, the motion to alter judgement is DENIED.

---

[1] Appellant states that this Court allowed the Bankruptcy Judge's oral remarks to take precedent over her written opinion. This is not the case. Rather, the quoted oral remarks are to demonstrate that the Bankruptcy Judge thought that there were exceptional circumstances in the instant case, despite the negligent nature of the violation.